**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

      Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KRISTINA BOSWELL**,<br><br>          PLAINTIFF,<br><br>v.<br><br>**STATE OF OREGON,**<br><br>          DEFENDANT. | Case No. 3:22-cv-502<br><br>**COMPLAINT**<br>(Title II of the ADA, Section 504 of the Rehabilitation Act of 1973; pendant state claim)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff brings this cause of action against Defendant and alleges as follows:

### I. NATURE OF THE ACTION

1.  This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, and attorneys' fees and costs, to redress violations of Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* and violations of

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* and for a pendent Oregon statutory claim, Public Accommodations.

  2. Through its acts, conduct, policies and practices, Defendant has and does discriminate against Plaintiff who is Hard of Hearing. Defendant failed to assess Plaintiff's need for accommodations. Defendant discriminated by denying Plaintiff adequate and equally effective means to communicate. Defendant failed to provide adequate access to other auxiliary aids and services necessary to accommodate Plaintiff in communication with Defendant's employees, its agents, and with her own family. Defendant also committed Associational Discrimination by denying Plaintiff the means to communicate with her family members who are Deaf.

  3. As a result of Defendant's discriminatory conduct, acts, policies, and practices, Plaintiff has experienced the following harms:

    (a) Has been denied accommodations;

    (b) Has been denied equal access to medical and healthcare afforded by Defendant to hearing clients;

    (c) Has been excluded from meaningful communication with Defendant's correctional employees;

    (d) Has been excluded from meaningful participation in programs and service offered by Defendant;

    (e) Has been prevented from effectively communicating with her own family members who are d/Deaf;

    (f) Has had her own communications with her family in American Sign Language (ASL) denied; and

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

(g)    Has been denied qualified ASL interpreters when requested;

## II. JURISDICTION

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question).

5.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because the claim or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District.

## III. PARTIES

6.    Plaintiff Kristina Boswell (hereinafter "Plaintiff") is a citizen of the United States of America.

7.    At all times relevant, Plaintiff was a resident of Marion County, Oregon. Plaintiff is a qualified individual with a disability. Plaintiff is Hard of Hearing. Plaintiff is hearing impaired. Plaintiff is a child of Deaf parents, was raised by her Deaf parents, and is culturally d/Deaf. Plaintiff's siblings are d/Deaf or Hard of Hearing. Plaintiff is a parent of a child who is d/Deaf, who was in school at the Oregon School for the Deaf.

8.    Plaintiff communicates with her d/Deaf family members through ASL. If she is not communicating with her d/Deaf family members in-person, then she communicates with them by using a videophone. Plaintiff has Purple, Sorenson, Z Video Relay Service accounts, and a videophone.

9.    Plaintiff's primary language is American Sign Language (ASL). ASL was brought to America by Thomas Hopkins Gallaudet in order to educate American d/Deaf students. Plaintiff uses ASL to communicate with other d/Deaf people. ASL is not a form of English. ASL is a complete, natural language that has the same linguistic properties as spoken

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

languages, with grammar that differs from English. ASL is expressed by movements of the hands and face.

10. Plaintiff has progressive hearing loss. Plaintiff requires the assistance of a qualified ASL interpreter to allow her to communicate effectively during both in-person and telephone communications with hearing persons who do not know ASL. Although Plaintiff has sometimes used hearing aids to assist with communication with hearing persons who are not proficient in ASL, she still needs ASL interpreters even with hearing aids in many circumstances.

11. Defendant State of Oregon (hereinafter "State" or "Defendant") is a government. Defendant is also a recipient of federal financial assistance. Defendant is subject to Section 504 of the Rehabilitation Act of 1973.

12. Defendant, through its Department of Corrections, owns and operates multiple correctional institutions or prisons for both men and women. At all times material, Plaintiff was an inmate in a State prison.

## IV. GENERAL FACTUAL ALLEGATIONS

13. For d/Deaf ("Deaf") or Hard of Hearing individuals who rely on American Sign Language (ASL) as their primary form of communication, the use of a qualified ASL interpreter is necessary to ensure effective communication between a Deaf or Hard of Hearing individual and an individual who does not use ASL to communicate.

14. A qualified ASL interpreter is necessary because ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct from English. It is not simply English in hand signals. ASL has its own vocabulary and its own rules for grammar and syntax.

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

15. Lip reading usually does not provide effective communication for a Deaf individual and is generally far less effective than written communication. It is extremely difficult to lip read English because only a small fraction of the sounds used in the language are clearly visible on the mouth, and many sounds that are visible look identical on the lips. In addition to these difficulties in lip reading, the ability to accurately lip read is affected by the speaker's facial bone structure, facial musculature, facial hair, lights, and other external factors. Moreover, even if a d/Deaf or Hard of Hearing person were able to identify the sounds by guessing at the movement of a speaker's lips, for the reason set forth above, she would not necessarily understand the English language or the vocabulary the speaker was using.

16. The provision of qualified ASL interpreter services is the auxiliary service necessary to allow Deaf and Hard of Hearing individuals who communicate with ASL to effectively communicate with hearing people such as Defendant's counselors and other personnel.

17. Defendant provides programs or services for individuals including education, mental health, addiction recovery, medicine, nursing, and counseling. Neither Defendant nor its subcontractor, Cascadia Behavioral Healthcare, consistently provided qualified American Sign Language interpreters to Plaintiff when she sought to receive the benefits of Defendant State's programs or services.

**Facts in Respect to Plaintiff**

18. On or about January 7, 2020, Plaintiff became incarcerated at Defendant's Coffee Creek Minimum security facility in Wilsonville, Oregon.

19. After Plaintiff was incarcerated, she requested accommodations. Plaintiff followed Defendant's procedures for requesting accommodations. Plaintiff met with Lisa

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

Arrington, the facility ADA coordinator. Plaintiff informed Ms. Arrington that she was Hard of Hearing, and that she needed access to video phone equipment so that she could visit with her parents and siblings, all of whom are Deaf. Plaintiff explained that her first language is ASL, that her parents communicated through ASL, that she communicated with her parents through ASL and that she could not use the voice telephone equipment available to other inmates to effectively communicate with her d/Deaf family members.

20. Because Plaintiff did not have access to her own telephone and videophone application while imprisoned, Plaintiff's d/Deaf family was only able to make a video visit with Plaintiff by connecting from their home or location to a video kiosk in the prison. Plaintiff tried communicating with her d/Deaf family members using the video kiosk, but it did not work. Plaintiff explained to Ms. Arrington that not only does it cost more for her to use the video kiosk than to make a standard telephone call, but the video kiosk is also inadequate for people using ASL because tracers in the system cause images of multiple hands signing ASL.

21. On January 8, 2020, Plaintiff sent a prison kite to Ms. Arrington about her disability and her d/Deaf family. "Kites," or "kytes" as they are sometimes spelled, are internal jail requests made by inmates within the prison system. In that kite, Plaintiff requested access to the Purple video system that would adequately allow her to use ASL to talk to her d/Deaf family members.

22. While incarcerated, Plaintiff followed internal grievance procedures at the facility over the denial of accommodations. Ms. Arrington has denied the grievances and then has denied the appeals.

23. On January 13, 2020, Ms. Arrington denied Plaintiff's request for accommodations. Ms. Arrington said "you have no documented disability. Speak to medical."

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

24. On January 13, 2020, Plaintiff filed a grievance for not receiving Purple video services to communicate with her family. On or about January 28, 2020, Ms. Arrington denied the grievance. Ms. Arrington rudely put her finger in Plaintiff's face and said "You need to tell your family to stop calling here and leaving voice mail messages. You tell them to stop! I am not going to call them back. I do not deal with people with disabilities on the outside, just the people on the inside. Tell them not to call." Plaintiff asked about using the Purple technology. Arrington replied "that is for deaf people. You are not deaf."

25. Plaintiff also made a request to Ms. Arrington that Defendant provide her with an ASL interpreter so that she could communicate with health care providers and take part in programs and services offered at the Coffee Creek Minimum Security Facility. Ms. Arrington treated Plaintiff's request for accommodations as a joke. Ms. Arrington denied Plaintiff's requested accommodations, and said "You do not have a documented disability. Talk to medical."

26. On August 18, 2020, Plaintiff asked for an ASL interpreter. Ms. Arrington wrote Plaintiff. Ms. Arrington said that after Plaintiff talked to medical, she could get a sticker to put on her identification showing that was Hard of Hearing.

27. On August 20, 2020, Ms. Arrington wrote Plaintiff a response to a kite. Ms. Arrington denied accommodations, writing that Plaintiff was hearing impaired (hearing AIC) and was not entitled to an ASL interpreter.

28. On August 23, 2020, Plaintiff wrote Jacob Humphreys, the Statewide Grievance and Discrimination Complaint Coordinator at the Oregon Department of Corrections requesting accommodations for her disability. Mr. Humphreys did not respond to Plaintiff.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

29. On August 25, 2020, Ms. Arrington brought Plaintiff a paper asking her to circle whether she wanted an ASL interpreter. Plaintiff circled "yes." Plaintiff requested a copy of the response.

30. Defendant provides medical or healthcare staff as a program or service for inmates. Plaintiff was denied an ASL interpreter for meetings with the facility nursing staff for medical or health care and evaluation. Defendant continually denied Plaintiff an ASL interpreter for medical or health services until on or about August 8, 2021.

31. Plaintiff requested assistance from Defendant's Statewide ADA coordinator, Marica Ventura. The Statewide ADA coordinator agreed with Plaintiff that she has a qualifying disability and was not being given access to accommodations for communication.

32. On January 14, 2020, February 9, 2020, March 20, 2020, March 21, 2020, and March 26, 2020, Plaintiff received Conduct Orders for sleeping during count time. Plaintiff explained that she was Hard of Hearing and could not hear the count announcement.

33. On March 11, 2021, Plaintiff wrote Mr. Jacob Humphreys, the State ADA coordinator requesting accommodation. On March 19, 2021, Marica G. Ventura, the Statewide Inmate ADA Coordinator replied for Humphreys. Ventura wrote "You are not authorized to use the Purple phone. You have a qualifying disability to use the Purple phone."

34. Plaintiff had a job while in prison. She worked at Hangers OCE sorting clothing hangers. On June 10, 2021, as Plaintiff returned to the prison and was chosen for an unclothed body search, i.e. a strip search. Sergeant Kumar told Plaintiff that Plaintiff would be chosen every day for a strip search because she had a sticker on her identification. The sticker was her hearing impaired sticker. On June 13, 2021, Plaintiff filed a grievance over this because she was being singled out for having a disability. On June 14, 2021, Plaintiff received a reply that Ms.

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

Arrington, serving as the diversity coordinator, was assigned investigation of the complaint. Sergeant Kumar confirmed that she had made the statement about the sticker but said she did not know it was a hearing loss sticker. Plaintiff was told that Plaintiff "misinterpreted" Sergeant Kumar's request.

35. Defendant provides drug and alcohol treatment and counseling for inmates as part of its programs and services. On June 14, 2021, while incarcerated, Plaintiff repeatedly asked for an ASL interpreter for addiction evaluation, treatment, and support. One of those programs is known as Turning Point, a program of Cascadia Behavioral Healthcare. Turning Point offers inmates intensive group and individual counseling to help them recover from their addictions and related issues. Plaintiff's request for an in-person ASL interpreter to attend the addiction program with her was denied. Occasionally, a Turning Point counselor would provide a virtual ASL interpreter for one-on-one counseling or group sessions through Zoom on Monday through Friday. Plaintiff was denied a weekend ASL interpreter and an interpreter for monthly graduations. Plaintiff was therefore denied full access to the program.

36. Outside health care professionals made requests on Plaintiff's behalf that she have accommodations for her disability. On July 15, 2021, Plaintiff went to the Oregon Clinic in Tualatin and saw Tyler S. Weaver, M.D. Plaintiff was given a hearing test by an audiologist, J. Wilkes. The Oregon Clinic and the audiologist did not provide an ASL interpreter. Dr. Weaver discussed the audiology report. He recommended bilateral hearing aids and access to the prison videophone services. Plaintiff was not given the hearing aids.

37. On August 17, 2021, Ms. Gatewood of prison medical records finally provided a remote ASL interpreter on a laptop computer from language line in responding to Plaintiff's

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

request for a copy of the audiologist test. Gatewood said an email was sent by Ms. Arrington to medical staff telling them to provide an ASL interrupter to Plaintiff by using a laptop.

38. On August 17, 2021, a nurse called Ms. Arrington in Plaintiff's presence and requested that Plaintiff have access to a videophone and an interpreter for treatment. The nurse said that Ms. Arrington replied that Plaintiff could not have an interpreter for treatment and that Plaintiff could not have access to a video phone.

39. On August 17, 2021, Plaintiff sent an accessibly request to Ms. Arrington. On August 30, 2021, Plaintiff sent a grievance because her August 17, 2021, accessibility request was not met.

40. On August 31, 2021, Plaintiff had a health appointment and was not given ASL interpreting services of that appointment. Plaintiff asked the nurse why she was not given ASL services, and the nurse said that Plaintiff had to make that request in advance each time she had a medical appointment.

41. On August 31, 2021, Plaintiff sent a grievance to the grievance coordinator, Arrington, about Turning Point not providing an ASL interpreter for group therapy sessions.

42. On September 8, 2021, Ms. Arrington had an in-person meeting with Plaintiff about her requests for accommodations. Arrington did not provide an ASL interpreter for the meeting. They discussed Plaintiff's request for hearing aids and an ASL interpreter. Ms. Arrington offered to provide a "pocket talker" which did not work. Ms. Arrington suggested that Plaintiff write a letter to Marica Ventura. On September 8, 2021, Plaintiff made a grievance for accommodations not being met.

43. On September 6, 2021, Ms. Best, an employee of Cascadia Healthcare who works in the Turning Point program, brought Plaintiff Wal-Mart Equate hearing amplifiers, model HA

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

59. These are generic ambient amplifiers that are sold over the counter. Plaintiff was never provided the hearing aids recommended by the otolaryngologist by the State or by Cascadia Behavioral Healthcare.

44. On September 8, 2021, Plaintiff entered a building at the prison which has a placard on it which states it is for deaf and hard of hearing inmates in custody. Ms. Arrington met with Plaintiff without an ASL interpreter. Ms. Arrington said she would not provide an interpreter for Plaintiff's participation in the Turning Point program. Ms. Arrington said "It is out of my hands. It is in Marica Ventura's hands. Go ahead and contact her."

45. On September 9, 2021, Plaintiff tried the "pocket talker" and it did not work. Plaintiff wrote a grievance for her request for accommodations not being met.

46. On September 17, 2021, Plaintiff sent a letter to Marica Ventura, the ADA Statewide Coordinator that reports to Mr. Humphreys, about denial of accommodations. Plaintiff also sent Ventura her audiology report.

47. On September 22, 2021, Plaintiff through counsel, mailed a notice of tort claim to the Oregon Department of Administrative Services. On September 29, 2021, and October 5, 2021, the Oregon Department of Administrative Services acknowledged receipt of Plaintiff's tort claim notice.

48. On October 27, 2021, Defendant allowed Plaintiff access to a videophone to speak to her family. Five weeks later, she was discharged from State custody.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

**(Americans with Disabilities Act—Title II: 42 U.S.C. §12182 et seq.)**

49. Plaintiff re-alleges the prior paragraph as though fully set forth herein.

50. Defendant is a place of public accommodation as that term is defined in 42 U.S.C. §12181(7)(F).

51. Plaintiff is a "qualified individual with a disability" as that term is defined in §12131(2).

52. At all relevant times, Defendant was aware of Plaintiff's physical disability.

53. Defendant has damaged Plaintiff in violation of 42 U.S.C. §12132 and its accompanying regulations by committing the following discriminatory acts or practices:

    (a) By failing to conduct an informed assessment of Plaintiff's needs for accommodation. Defendant failed to assess Plaintiff's need for auxiliary aides at the outset of the relationship, to wit, her need for a qualified ASL interpreter;

    (b) Defendant failed to regularly provide Plaintiff with a qualified ASL interpreter for health and counseling attended by Plaintiff for herself;

    (c) Defendant failed to regularly provide Plaintiff with access to a videophone so that she could communicate with her Deaf family on the same basis that abled hearing individuals have access to telephone services.

    (d) By failing to give primary consideration of and deference to Plaintiff's accommodation requests or failing to provide an appropriate alternative accommodation taking into account the context in which the communication is taking place;

    (e) By failing to make information available to Plaintiff regarding her rights under the ADA and § 504.

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

54. Plaintiff is entitled to a declaration that the Defendant violated Title II of the ADA.

55. Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred.

56. Plaintiff is entitled to money damages as set forth below.

## SECOND CLAIM FOR RELIEF

### (Section 504 of the Rehabilitation Act of 1973)

57. Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

58. Plaintiff is a qualified individual with a disability or handicap under the Rehabilitation Act.

59. Plaintiff was otherwise qualified to receive the benefit of the services made available to clients or patients of Defendant.

60. At all times material, Defendant was and is a recipient of federal financial assistance for its programs and activities.

61. Defendant's actions and omissions as described above violated Plaintiff's rights under the Rehabilitation Act by excluding her or denying her the benefits of Defendant's services solely because of her disability.

62. Defendant's conduct showed deliberate indifference to Plaintiff's rights.

63. Defendant sustained emotional distress and damages due to Defendant's violation of the Rehabilitation Act.

64. Pursuant to Section 505 of the Rehabilitation Act, Plaintiff is entitled to compensation for her damages and an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

**(Associational Discrimination under the Americans with Disabilities Act—Title II: 42 U.S.C. §12182 et seq. and the Rehabilitation Act of 1973)**

65. Plaintiff realleges all prior paragraphs as though fully set forth herein.

66. Individuals bring claims of associational discrimination against public entities under the Americans with Disabilities Act and the Rehabilitation Act whether or not the individual is disabled. 28 C.F.R. § 35.130(g) provides "A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." Each Plaintiff herein has a claim against Defendant for discrimination that is based on their association with a person with a disability.

67. Plaintiff was harmed by virtue of her association with her family members who are Deaf when she sought to communicate with them through ASL using the service Purple Sorenson. Plaintiff made a request to Ms. Arrington for permission to use the video relay service Purple Sorenson so that she could communicate through ASL with her family. This request for accommodation was denied by Ms. Arrington. Ms. Arrington said "that is for deaf people. You are not deaf." Ms. Arrington also said "I don't deal with people on the disabilities on the outside, just the people on the inside. Tell them not to call you."

68. Plaintiff was harmed because she suffered a specific, separate, and direct injury caused by Defendant's actions toward her Deaf family members.

69. Plaintiff suffered from emotional distress which resulted from Defendant's discriminatory treatment of her Deaf family members.

70. Defendant acted with deliberate indifference to the rights of Plaintiff and Plaintiff is entitled to money damages.

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

71.  Each of the Plaintiffs are entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant from discriminating against them and an order mandating full compliance with Title II of the ADA.

72.  Plaintiff is entitled to a declaration that the Defendant violated Title II of the ADA.

73.  Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Plaintiffs are entitled to an award of attorney's fees, expert witness fees, and costs incurred.

## FOURTH CLAIM FOR RELIEF

### (ORS 659A.142 and ORS 659A.143)

74.  Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

75.  Defendant's correctional facility or prison is a "place of public accommodation" as that term is defined in ORS 659A.142 and ORS 659A.143.

76.  Plaintiff is a "disabled person" as defined at ORS 659A.104(1).

77.  At all relevant times, Defendant was aware of Plaintiff's disabilities.

78.  Defendant discriminated against Plaintiff as alleged above.

79.  Plaintiff is entitled to a declaration that the Defendant violated ORS 659A.142 and ORS 659A.143.

80.  Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to an award of attorney's fees and costs, and disbursements.

81.  Plaintiff is entitled to money damages as set forth below.

## VII. PRAYER FOR RELIEF

Plaintiff seeks judgment against Defendant and requests that this Court enter an Order as follows:

PAGE 15 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

  A. Accepting jurisdiction of this case and declaring that Defendant violated Title II of the ADA;

  B. Accepting jurisdiction of this case and declaring that Defendant violated Section 504 of the Rehabilitation Act of 1973;

  C. Injunctive and other equitable relief as the Court deems appropriate, including, but not limited to, an Order requiring Defendant to provide qualified American Sign Language interpreters and auxiliary aids, to establish polices to accommodate Deaf people, and requiring Defendant to appoint and train ADA coordinators and to make the existence of the coordinator or coordinators, and a process to follow to contact the coordinator, known to people with Disabilities;

  D. To require Defendant to establish a policy and procedure for ensuring Deaf persons in custody will have access to ASL interpreters while receiving services and scheduling appointments;

  E. A sum which will fully compensate Plaintiff for her noneconomic damages in a sum that is just as determined by a jury but not less than $400,000;

  F. A sum which will fully compensate Plaintiff for her economic damages in a sum that is just as determined by a jury but not less than $5,000;

  G. Plaintiff's costs and disbursements incurred herein;

  H. Plaintiff's attorneys' fees; and

  I. For such other and further relief as the Court may deem just and equitable.

PAGE 16 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

**Plaintiff demands a trial by Jury.**

DATED: March 31, 2022

                LAW OFFICES OF DANIEL SNYDER

                 /s/ Daniel Snyder
                Daniel Snyder, OSB No. 783856
                dansnyder@lawofficeofdanielsnyder.com
                Carl Post, OSB No. 061058
                carlpost@lawofficeofdanielsnyder.com
                John Burgess, OSB No. 106498
                johnburgess@lawofficeofdanielsnyder.com
                Telephone: (503) 241-3617
                Facsimile: (503) 241-2249
                Of Attorneys for Plaintiff

PAGE 17 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249